# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **DAVID GREENLEY, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,**<br><br>Defendant. | Case No.: 0:16-cv-3773<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff DAVID GREENLEY ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant LABORERS' INTERNATIONAL UNION OF NORTH AMERICA ("Defendant" or "LIUNA") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

### JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff is a permanent resident the City of

Minneapolis, State of Minnesota which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Minneapolis, State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is informed and believes, and thereon alleges, that LIUNA is, and at all times mentioned herein was, an international labor organization, headquartered in Washington, D.C., and is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the City of Minneapolis, State of Minnesota, and within this judicial district.

## FACTUAL ALLEGATIONS

10. At no time did Plaintiff ever enter into a business relationship with Defendant.

11. On or about November 14, 2014, at approximately 6:33 PM CST, Defendant sent an automated and prerecorded message to Plaintiff's cellular phone

number (612) 810-7226 ("7626"), using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. §227 (b)(1)(A), which it had initiated from telephone number 202-643-2915.

12. This telephone call was placed using an ATDS, as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. On or about October 16, 2015, Defendant sent multiple unsolicited text messages to Plaintiff's cellular telephone number ending in "7626," using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. §227 (b)(1)(A).

14. The first text message received read:

> Msg 2 of 2: Important matters include yr contract, benefits, union operations, political & legislative matters. Reply STOP to quit. Msg & data rates may apply.

15. The second text message received read:

> Msg 1 of 2: This confirms yr consent to receive msgs from LIUNA & affiliates including any autodialed call & txt msg about important matters Reply STOP to quit.

16. On or about March 16, 2016, Defendant sent a third unsolicited text message to Plaintiff's cellular telephone, which message read:

> Msg from your union: Join us next week for Laborers Day @the Capitol. Reception Tues & meet w/legislators on Wed. Register at http://bit.ly/1psye0y

17. Plaintiff replied "STOP" to this text message.

18. Subsequently, on or about March 16, 2016, Defendant sent an additional text message to Plaintiff's cellular telephone, which message read:

> LIUNA: You have been removed from mobile alerts.
>
> Info: txt@mcom.ms
>
> Removed by mistake? Reply OOPS to rejoin.

19. Upon good faith information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same unsolicited SPAM text messages and automated prerecorded messages *en masse* to thousands of wireless telephone numbers or randomly generated phone numbers.

20. Defendant used SMS short code 69866 to send the aforementioned unsolicited marketing text messages to Plaintiff's cellular telephone.

21. According to the webpage located at http://www.liunaactionnetwork.org/site/MessageViewer?em_id=7521.0, accessed on July 20, 2016, a person can "can text LIUNA to 69866 for text message updates from your union."

22. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

24. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and/or text messages pursuant to 47 U.S.C. § 227(b)(1).
26. The telephonic communications were unwanted by Plaintiff.
27. Defendant did not have prior express written consent to place the solicitation text messages and call to Plaintiff.
28. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
29. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant harassed Plaintiff with telephonic communications using an ATDS.
30. Defendant's telephonic communications forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied by calls or text messages, causing annoyance and lost time.
31. Plaintiff is informed and believes and here upon alleges, that the call and text messages were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendants' benefit.
32. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

### CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.
34. Plaintiff represents, and is a member of Class 1, consisting of:

> All persons within the United States who received any text message from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system, including but not limited to text message/s from short message script 69866, within the four years prior to the filing of this Complaint.

35. Plaintiff represents, and is a member of Class 2, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message, within the four years prior to the filing of this Complaint.

36. Class 1 and Class 2 are collectively referred to as the "Classes."

37. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Class, but believes the members of the Classes number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Classes via their cellular telephones by using an ATDS and/or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the members of the Classes previously paid, and invading the privacy of said

Plaintiff and the members of the Classes. Plaintiff and the members of the Classes were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including the following:

   a)   Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) initiated any telephonic communications other than a message made for emergency purposes or made with the prior express consent of the called party) to members if the Classes using any automatic dialing system and/or prerecorded voice;

   b)   Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

   c)   Whether Defendant's conduct was knowing and/or willful;

   d)   Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violation; and

    e)    Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

42. As a person that received at least one prerecorded telephone calls and text message from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Classes.

43. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### First Cause Of Action
### Negligent Violations Of The TCPA
### 47 U.S.C. § 227 Et Seq.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### Second Cause Of Action
### Knowing and/or Willful Violations of the TCPA
### 47 U.S.C. § 227 Et Seq.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Classes are entitled to an award of $1,500.00

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for judgment against Defendant as follows:

- Certify the Classes as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and the members of the Classes pray for further judgment against Defendant as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00

- in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 31, 2016                    Respectfully submitted,

**BARRY & HELWIG, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D. #0266577
Patrick J. Helwig, Esq.
Attorney I.D. #0391787
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                                      **Attorneys for Plaintiff**